U.S. Department of Justice

Ronald C. Machen Jr
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N W*
*Washington, D.C  20530*

December 21, 2010

**FILED**

**DEC 2 1 2010**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Robert N. Driscoll, Esq.
Kenneth G. Weigel, Esq.
Alston & Bird
The Atlantic Building
950 F Street, N.W.
Washington, D.C. 20004-1404

CR 10 - 343 - RMC

USA V.

Re: PPG Paints Trading (Shanghai) Co., Ltd. Plea Offer

Dear Messrs. Driscoll and Weigel:

This letter sets forth the full and complete plea offer to your client, PPG Paints Trading (Shanghai) Co., Ltd. ("PPG PAINTS TRADING"), from the United States Attorney's Office for the District of Columbia ("USAO-DC" or "the Government"). If your client accepts the terms and conditions of this offer, both an authorized representative of your client and you should execute this document in the spaces provided below and return the original document to us. Please include a notarized copy of the resolution of the Board of Directors of PPG PAINTS TRADING which states that your client has authorized this Plea Agreement and has empowered you as its outside counsel to act on its behalf for purposes of this plea. Upon our receipt of the executed document (along with the aforementioned board resolution), this letter will become the plea agreement ("Plea Agreement"). The signed Plea Agreement **must be filed** with the United States District Court for the District of Columbia **on or before December 31, 2010**, or the entire Plea Agreement will become null and void.

The terms of the USAO-DC's plea offer are as follows:

1.     **Charges**

Your client agrees to waive indictment and enter a plea of guilty to a four-count criminal Information, which will be filed in the United States District Court for the District of Columbia. A copy of the Information is attached. The Information charges your client with, in Count One, conspiring to violate the International Economic Powers Act ("IEEPA") and Export Administration Regulations ("EAR"), in violation of 18 U.S.C. § 371, and in Counts II-IV, three substantive violations of IEEPA, 50 U.S.C. § 1705, and the Export Administration Regulations ("EAR"), 15 C.F.R. § 764.2.

Your client agrees to appear before the Court through an authorized representative and to admit its guilt to the offenses charged in the Information, accept the attached Factual Proffer in Support of Guilty Plea as the basis for its admission of guilt, and admit these facts when its plea is entered before the Court.

2.     **Potential Penalties, Restitution and Assessments**

Your client, as a corporate violator, understands that, pursuant to 18 U.S.C. § 3571(c)(3), the maximum penalty could be (a) a criminal fine of $500,000 for each of these charges; (b) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (c) twice the gross amount of any pecuniary loss sustained by any victims of the offense. See 18 U.S.C. § 3571. Your client is would also be subject to a term of corporate probation of up to five years pursuant to 18 U.S.C. § 3561. The Court may also order restitution pursuant to 18 U.S.C. § 3663. Fines imposed by the Court may be subject to the payment of interest. In addition, the Court will order your client to pay a mandatory special assessment of $400 per count (for a total of $1600) to the Clerk of the United States District Court, such assessment payable prior to sentencing. See 18 U.S.C. § 3013.

3.     **Sentencing Guidelines Stipulations**

The parties agree that your client's sentence is not governed by the United States Sentencing Guidelines (hereinafter "Guidelines" or "U.S.S.G."). That is because, although the offense conduct to which your client is pleading guilty is covered by U.S.S.G. § 2M5.1(a), that Guideline is not listed under U.S.S.G. § 8C2.10, which governs fines for organizations. Accordingly, pursuant to U.S.S.G. § 8C2.10, the sentence is to be determined by applying 18 U.S.C. §§ 3553 and 3572.

4.     **Additional Charges**

In consideration and as an express condition of this corporate plea agreement, no additional criminal charges shall be filed against PPG PAINTS TRADING, its subsidiaries, or successors-in-interest by the United States Attorney's Office for the District of Columbia with regard to any conduct described in the accompanying written factual proffer. This Plea

2

Agreement solely concerns the parties to this agreement and no other individuals, companies, or agencies. This Plea Agreement provides no immunity or protection, in any manner, for individuals from any future criminal investigation or prosecution.

### 5.     Plea Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C)

Pursuant to Federal Rule of Criminal Procedure (F.R.Cr.P.) 11(c)(1)(C), your client and the Government agree that a criminal fine of $2,000,000 ($500,000 for each count) and corporate probation of five years is the appropriate sentence for the charges to which your client is pleading guilty. The parties agree that $2,000,000 is the appropriate criminal fine in resolution of this matter, taking into account the inapplicability of the Guidelines, the nature and circumstances of the offense, and the need for the sentence imposed to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; and to protect the public from further crimes. 18 U.S.C. § 3553(a)(1). The criminal fine shall be paid by cashier's check or certified check made payable to: "Clerk, United States District Court for the District of Columbia." Your client agrees to fully satisfy this criminal fine on or before the date of the sentencing hearing in this matter.

Your client agrees that no portion of the $2,000,000 that your client has agreed to pay under the terms of this agreement is deductible on any Federal, State, or foreign tax or information return.

Your client further agrees to the entry of a forfeiture monetary judgment of $32,319 against it, as discussed in paragraph six of this Plea Agreement.

In addition to any other conditions of probation that the United States Probation Office may propose and/or the Court may impose, your client and the Government further agree that the following conditions of corporate probation are appropriate in this case and your client agrees to abide by them:

(a)     Your client shall pay the sum set forth in this Plea Agreement.

(b)     Your client shall not commit any federal, state, or local crimes during the term of probation.

(c)     Your client shall implement and maintain an effective corporate ethics program and export compliance program that fully comports with the criteria set forth in U.S.S.G. § 8B2, including, at a minimum:

> (i)     Ensuring that a specific employee of your client remains assigned with overall responsibility for implementation of PPG Industries' ethics program and export compliance policies, controls, and procedures at PPG

        PAINTS TRADING, and ensuring that that employee reports directly to PPG Industries' Chief Compliance Officer no less frequently than on an semi-annual basis on the implementation and effectiveness of the ethics and export compliance program at PPG PAINTS TRADING.

(ii)    Requiring all directors, officers, and employees, of PPG PAINTS TRADING, to report to PPG Industries any suspected or actual violations of any U.S. export control laws or regulations, of PPG Industries' export compliance policies, controls, or procedures, or of PPG Industries' ethics policy related to such export compliance policies, controls, or procedures, to the extent such suspected or actual violations involve PPG Industries or its subsidiaries, including PPG PAINTS TRADING, and where legally permissible.

(iii)    Directing, to the extent that their respective business relationships with PPG PAINTS TRADING can reasonably be expected to implicate export control issues, and as appropriate for their respective jobs or business functions, agents, consultants, representatives, distributors, joint venture partners, and business partners of PPG PAINTS TRADING, to report to PPG Industries any suspected or actual violations of any U.S. export control laws or regulations, to the extent such suspected or actual violations involve items or employees of PPG Industries or its subsidiaries, including PPG PAINTS TRADING, and where legally permissible.

(iv)    Implementing an effective system for internal reporting of suspected or actual violations of any U.S. export control laws or regulations, of PPG Industries' export compliance policies, controls or procedures, or of PPG Industries' ethics policy related to such export compliance policies, controls, or procedures, including, to the extent and where legally permissible, a confidential, anonymous "hotline" and e-mail address, of which your client's directors, officers, employees, agents and business partners are informed and can use to notify PPG Industries of any suspected or actual violations of any U.S. export control laws or regulations, of PPG Industries' export compliance policies, controls or procedures, or of PPG Industries' ethics policy related to such export compliance policies, controls, or procedures.

(v)    Mandatory annual corporate ethics and export control training of all directors, officers and, as appropriate for job function, employees of PPG PAINTS TRADING. Such training shall cover, at a minimum, (A) all relevant U.S. export control laws and regulations; (B) PPG Industries' ethics policy; (C) PPG Industries' export compliance policies, controls,

        and procedures, including recordkeeping requirements; (D) the obligations assumed by, and responses expected of directors, officers, and employees of PPG PAINTS TRADING, upon learning of any suspected or actual violations of any U.S. export control laws and regulations, of PPG Industries' export compliance policies, controls, or procedures, or of PPG Industries' ethics policy related to such export compliance policies, controls, or procedures. To the extent that it has not already done so, PPG PAINTS TRADING shall commence providing this training within ninety (90) calendar days after the execution of this Cooperation and Non-Prosecution Agreement.

(vi)    Informing, to the extent that their respective business relationships with PPG PAINTS TRADING can reasonably be expected to implicate export control issues and as appropriate for their respective jobs or business functions, agents, consultants, representatives, distributors, joint venture partners, and business partners of PPG PAINTS TRADING, and its subsidiaries, of their obligation to comply with U.S. export control laws and regulations and of their obligations under PPG Industries' export compliance policies, controls, or procedures, as related to their respective business relationships with PPG PAINTS TRADING. To the extent that it has not already done so, PPG PAINTS TRADING shall commence providing such individuals and entities with this information within one-hundred eighty (180) calendar days after the execution of this Cooperation and Non-Prosecution Agreement.

(vii)    An effective written system of discipline for your client's directors, officers, employees, agents and business partners who are found to have violated any U.S. export controls laws and regulations, PPG Industries' export compliance policies, controls, or procedures, or PPG Industries' ethics policy related to such export compliance policies, controls, or procedures.

(viii)    Prompt written notification by your client to the USAO-DC and the Department of Commerce's Bureau of Industry and Security ("BIS") of any known criminal investigations of any type of itself or its officers or directors. In addition, your client shall promptly notify the USAO-DC and BIS in writing of any credible evidence of possible criminal conduct relating to any suspected or actual violations or attempted violations of any U.S. export control laws or regulations by your client or its officers, directors, employees, agents or business partners. At the request of the USAO-DC, your client shall provide the USAO-DC and BIS with all relevant non-privileged documents and information concerning such allegations, including but not limited to internal audit reports,

"whistleblower" complaints, civil complaints, and documents produced in civil litigation. In addition, to the extent PPG PAINTS TRADING has an obligation to notify the USAO-DC and BIS pursuant to this subsection, your client shall report to the USAO-DC and BIS its planned investigative measures and any resulting remedial measures, internal and external, as a result of any suspected or actual violations of any U.S. export control laws or regulations.

Your client also agrees that it will provide a complete copy of the audit reports required under Administrative Agreement to the USAO-DC at the same time those reports are provided to BIS. Your client agrees that the USAO-DC may disclose the audit reports to any other federal law enforcement or regulatory agency in furtherance of an investigation of any other matters discovered by, or brought to the attention of, the USAO-DC. Your client may identify any trade secret or proprietary information contained in the audit reports and request that the information be redacted prior to disclosure.

The Government also agrees, pursuant to F.R.Cr.P. 11(c)(1)(C), to present this Plea Agreement between the parties to the Court for its approval. If the Court accepts the Plea Agreement and the specific sentence agreed upon by the parties, then the Court will embody in the judgment and sentence the disposition provided for in this Plea Agreement, pursuant to F.R.Cr.P. 11(c)(4). The parties understand, however, that in light of other factors the Court may not agree that such a sentence is an appropriate one and may reject the plea agreement pursuant to F.R.Cr.P. 11(c)(5). Your client understands that, if this happens, the Court, in accordance with the requirements of F.R.Cr.P. 11(c)(5), will inform the parties of its rejection of the Plea Agreement and will afford your client an opportunity to withdraw the plea, or if your client persists in the guilty plea will inform your client that a final disposition may be less favorable to your client than that contemplated by this Plea Agreement. Your client further understands that if the Court rejects the Plea Agreement, the Government also has the right to withdraw from the Plea Agreement and to be freed from all obligations under the Plea Agreement, and may, in its sole discretion, bring different or additional charges against your client.

Further, if the Court rejects the Plea Agreement, and your client withdraws its guilty plea under F.R.Cr.P. 11(c)(5) and (d), this Plea Agreement, the guilty plea, and any statement made in the course of any proceedings under F.R.Cr.P. 11 regarding the guilty plea or this Plea Agreement, or made in the course of plea discussions with the USAO-DC, shall not be admissible against your client in any criminal or civil proceeding, except as otherwise provided in Federal Rule of Evidence (F.R.E.) 410. In addition, your client agrees that if it withdraws its guilty plea pursuant to this subparagraph of this Plea Agreement, the statute of limitations period for any offense referred to in this Plea Agreement will be tolled for a period of six months from the date of your client's withdraw of its guilty plea.

6. **Forfeiture Matters**

Your client agrees to the forfeiture set forth in the Forfeiture Allegation in the Criminal Information to which he is pleading guilty. Specifically, your client agrees to the forfeiture of a money judgment in the amount of $32,319. Your client agrees to fully satisfy this money judgment on or before the date of the sentencing hearing in this matter.

Your client agrees that the Statement of Offense supporting your client's guilty plea is sufficient evidence to support this forfeiture. Your client agrees that the Court may enter a preliminary Consent Order of Forfeiture for this property at the time of its guilty plea or at any time before sentencing. Your client agrees that the Court will enter a Final Order of Forfeiture for this property as part of its sentence.

Your client agrees that this Plea Agreement permits the government to seek to forfeit any of its assets, real or personal, that are subject to forfeiture under any federal statute, even though this Plea Agreement does not specifically identify such an asset. Regarding any asset or property not identified specifically in this Plea Agreement, your client agrees to forfeiture of all interest in: (1) any and all property constituting, or derived from, any proceeds it obtained, directly or indirectly, as the result of the violation to which it is pleading guilty, and (2) any substitute assets for property otherwise subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C); 21 U.S.C. § 853; and 28 U.S.C. § 2461(c).

By this Plea Agreement, your client agrees that it has waived any and all interest it has in these assets or properties and consented to their forfeiture by whatever process the Government chooses. Your client agrees that the Government may use this waiver and consent in any administrative or judicial forfeiture proceeding, whether criminal or civil, state, local or federal. If your client already has filed a claim to any of these assets or property in any forfeiture process, it hereby agrees to withdraw it. It also agrees that it will not file a claim to any of these assets or property in any future forfeiture proceeding of whatever type.

Your client agrees that the Government may choose in its sole discretion how it wishes to accomplish forfeiture of the property whose forfeiture it has consented to in this Plea Agreement, whether by criminal or civil forfeiture, using judicial or non-judicial forfeiture processes. If the Government chooses to effect the forfeiture provisions of this Plea Agreement through the criminal forfeiture process, your client agrees to the entry of orders of forfeiture for such property and waives the requirements of F.R.Cr.P. 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Your client understands that the forfeiture of assets is part of the sentence that may be imposed in this case, and it waives any failure by the Court to advise him of this, pursuant to F.R.Cr.P. 11(b)(1)(J), at the time of its guilty plea.

Your client agrees to take all necessary actions to identify all assets over which your client exercises or exercised control, directly or indirectly, at any time since January 1, 2006, or

in which your client has or had during that time any financial interest. Your client agrees to take all steps as requested by the Government to obtain from any other parties, by any lawful means, any records of assets owned at any time by your client. Your client agrees to provide and/or consent to the release of your client's tax returns for the previous five years. Your client agrees to forfeit to the United States all of your client's interests in any asset of a value of more than $1,000 that, since January 1, 2006, your client owned, or in which your client maintained an interest. Your client agrees to take all steps as requested by the Government to pass clear title to forfeitable interests or to property to the United States and to testify truthfully in any judicial forfeiture proceeding.

Your client agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, *habeas corpus*, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

### 7. Cooperation with the Government

Your client agrees to cooperate fully, completely, and truthfully with all investigators and attorneys of the government, by truthfully providing all information in your client's possession relating directly or indirectly to all criminal activity and related matters which concern the subject matter of this investigation, including but not limited to the conduct set forth in the Information and the Factual Proffer. Your client's cooperation shall include, but not be limited to:

(a) responding fully and truthfully to the requests of the USAO-DC, BIS, or any other law enforcement agency designated by the USAO-DC, to investigate and prosecute the related to the subject matter of the USAO-DC's investigation, including but not limited to the conduct set forth in the Information and Statement of Facts;

(b) upon request, producing to the USAO-DC all non-privileged documents, information, and other materials (with translations in English), wherever located, in the possession, custody, or control of your client, its subsidiaries, affiliates or successors-in-interest;

(c) upon request, identifying witnesses who, to your client's knowledge, may have material non-privileged information related to the subject matter of the USAO-DC's investigation, including but not limited to the conduct set forth in the Information and Statement of Facts;

(d) upon request, using its best efforts promptly to secure the attendance and truthful statements or testimony of any of its present or former officers, directors, employees, agents, consultants or independent contractors as requested by the USAO-DC at any meeting or interview, or for appearance before the grand jury, trial or other court proceeding;

8

     (e) upon request, assisting the USAO-DC by providing logistical and technical support for any meeting, interview, grand jury proceeding, or any trial or other court proceeding;

     (f) upon request, providing all non-privileged information, documents, records, or other tangible evidence related to the subject matter of the USAO-DC's investigation, including but not limited to the conduct set forth in the Information and Statement of Facts;

     (g) upon request, providing a detailed privilege log for those documents, records, or other evidence requested but withheld under a claim of privilege; and

     (h) upon request, providing testimony, certifications, qualified custodians of records, and other non-privileged information deemed necessary by the USAO-DC or a court to identify, establish the original location of, or authenticate and introduce into evidence in any criminal proceeding, documents, records and tangible evidence produced by your client, its subsidiaries, affiliates or successors-in-interest, or its directors, officers, employees, agents, consultants, representatives, or distributors.

 Your client acknowledges that it has been advised that, regardless of the extent of its cooperation, the United States will seek no downward departures from the applicable sentencing guidelines, pursuant to U.S.S.G. § 5K, or pursuant to F.R.Cr.P. 35(b), from the sentence imposed by the Court. Rather, it is the position of your client and the Government that your client be sentenced under F.R.Cr.P. 11(c)(1)(C) consistent with the terms of paragraph five of this Plea Agreement.

### 8. Reservation of Allocution

 Your client understands that the Government reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your client's misconduct, including misconduct not described in the charges to which your client is pleading guilty. Both parties reserve the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this plea agreement.

### 9. Waiver of Rights

 Your client understands that by pleading guilty in this case, your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including the right to be indicted by a grand jury, the right to plead not guilty and the right to a jury trial. At a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, and to compel witnesses to appear to testify and present other evidence on your client's behalf. If your client chose not to testify at a jury trial, your client would have the right to have the jury instructed that your client's failure to testify could

not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal the conviction. Your client understands that, by pleading guilty, your client is waiving each of these rights.

Your client also knowingly waives all challenges to venue or jurisdiction in the District of Columbia.

### 10. **Breach of Agreement**

Your client understands and agrees that, if your client fails specifically to perform or to fulfill each and every one of your client's obligations under this Plea Agreement, or commits any further crimes, your client will have breached this Plea Agreement. In the event of such a breach, (a) the Government will be free from its obligations under the agreement; (b) your client will not have the right to withdraw its guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes that your client has committed or might commit, if any, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding all statements made by your client and any of the information or materials provided by your client, including such statements, information, and materials provided pursuant to this Plea Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Plea Agreement, including your client's statements made during proceedings before the Court pursuant to F.R.Cr.P. 11.

Your client acknowledges discussing with you F.R.Cr.P. 11(f) and F.R.E.410, rules that ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights that arise under these rules. As a result of this waiver, your clients understand and agree that any statements that are made in the course of your client's guilty plea or in connection with your client's cooperation pursuant to this Plea Agreement will be admissible against your client for any purpose in any criminal or civil proceeding if your client breaches this Plea Agreement or your client's guilty plea is subsequently withdrawn.

Moreover, in the event that your client's guilty plea is withdrawn, your client agrees that the Government will be free to use against your client in any criminal or civil proceeding any statements made during the course of any debriefings conducted in this case, regardless of whether those debriefings were previously covered by an earlier "off the record" agreement by the parties.

If your client breaches this Plea Agreement, any prosecution of your client not time-barred by the applicable statute of limitations on the date of the signing of this Plea Agreement may be commenced against your client in accordance with this paragraph, notwithstanding the running of the statute of limitations before the commencement of such prosecutions. Your client

knowingly and voluntarily agrees to waive any and all defenses based on any statute of limitations for any prosecution commenced pursuant to the provisions of this paragraph.

Your client understands and agrees that the Government shall be required to prove a breach of this Plea Agreement only by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by preponderance of the evidence in order to establish a breach of this Plea Agreement.

Nothing in this Plea Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Plea Agreement or committed by your client after the execution of this Plea Agreement. Your client understands and agrees that the Government reserves the right to prosecute it for any such offenses. Your client further understands that any perjury, false statements, or declarations, or obstruction of justice relating to your client's obligations under this Plea Agreement shall constitute a breach of this Plea Agreement. However, in the event of such a breach, your client will not be allowed to withdraw its guilty plea.

### 11.   Appeal Waiver

It is agreed that (a) your client will not file an appeal of any sentence imposed pursuant to this Plea Agreement, including but not limited to, the imposition of the criminal fine agreed upon by the parties as set forth above, and (b) the Government will not appeal any sentence imposed pursuant to this Plea Agreement.

### 12.   Prosecution by Other Agencies or Jurisdictions

This Plea Agreement binds only the USAO-DC. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice; the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions. The USAO-DC agrees to contact any prosecuting jurisdiction and advise that jurisdiction of the terms of this Plea Agreement and the cooperation, if any, provided by your client.

### 13.   No Other Agreements

No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, your client's counsel, and an Assistant United States Attorney for the District of Columbia, or made by the parties on the record before the Court.

If your client agrees to the conditions set forth in this letter, both your client and you should sign the original in the spaces provided below and return the executed Plea Agreement to us. The original of this Plea Agreement will be filed with the Court.

This Plea Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same agreement. Facsimile or electronically submitted signatures are acceptable, binding signatures for purposes of this Plea Agreement.

Very truly yours,

RONALD C. MACHEN JR.
United States Attorney

G. MICHAEL HARVEY
JOHN BORCHERT
Assistant United States Attorneys
National Security Section

## DEFENDANT'S ACCEPTANCE

I am authorized to act on behalf of PPG Paints Trading (Shanghai) Co., Ltd. in this matter.

I have read this Plea Agreement and have discussed it with the corporation's attorney, Robert N. Driscoll and Kenneth G. Weigel. I am fully satisfied with the legal services provided by Mr. Driscoll and Mr. Weigel. I understand this Plea Agreement and voluntarily agree to it. No threats have been made to me or PPG Paints Trading (Shanghai) Co., Ltd., nor am I under the influence of anything that could impede my ability to understand this Plea Agreement fully. No promises, agreements, understandings, or conditions have been made or entered into except those set forth in this Plea Agreement.

Date: 12/20/2016

VIKTORAS RIMAS SEKMAKAS
Director
PPG Paints Trading (Shanghai) Co., Ltd.

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Plea Agreement with my client, fully. These pages accurately and completely set forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Plea Agreement.

Date: 12/20/2010

ROBERT N. DRISCOLL, ESQ.
Attorney for PPG Paints Trading (Shanghai) Co., Ltd.

13